IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM HOCKBRUECKNER : | CIVIL ACTION |
| *o/b/o J.M.* : | |
| : | No. 11-5818 |
| v. : | |
| : | |
| MICHAEL J. ASTRUE, : | |
| *Commissioner of Social Security* : | |
| *Administration* : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                                February 7, 2013

Plaintiff Kim Hockbrueckner, on behalf of her minor son, J.M., asks this Court to review the denial of J.M.'s application for Supplemental Security Income (SSI) by the Commissioner of the Social Security Administration. Hockbrueckner claims J.M. is disabled as a result of attention deficit hyperactivity disorder (ADHD) and asthma. She contends this Court should reverse the Commissioner's final decision and remand with an order directing the Commissioner to find J.M. disabled on the current record or to hold additional administrative proceedings to resolve inconsistencies in the record.

United States Magistrate Judge Jacob P. Hart issued a Report and Recommendation (Report) recommending Hockbrueckner's Request for Review be denied. Hockbrueckner objects to the Report, asserting errors made by the Administrative Law Judge (ALJ) in evaluating J.M.'s treating psychiatrist's opinion and in evaluating J.M.'s asthma warrant reversal or remand. For the reasons set forth below, Hockbrueckner's objections will be sustained in part and overruled in part, and the case will be remanded to the Commissioner for reconsideration of J.M.'s treating psychiatrist's opinion regarding the extent of J.M.'s limitations as a result of his ADHD. The Court finds Hockbrueckner's objection regarding the ALJ's evaluation of his asthma lacks merit.

**FACTS**

Hockbrueckner filed an application for SSI benefits on behalf of J.M. on February 18, 2009, on the basis of behavior difficulties and asthma. The application was initially denied on June 2, 2009. At Hockbrueckner's request, a hearing was held before an ALJ on May 25, 2010. On July 8, 2010, the ALJ denied the application for SSI benefits. (J.M. was ten years old and about to enter the fifth grade at the time of the ALJ's decision.) The Appeals Council denied Hockbrueckner's request for review. Hockbrueckner then filed the instant action seeking review of the Commissioner's decision. The case was referred to a Magistrate Judge, who recommended that the request for review be denied and judgment be granted in favor of the Commissioner. Hockbrueckner filed timely objections.

**DISCUSSION**

This Court reviews *de novo* Hockbrueckner's objections to the Report. 28 U.S.C. § 636(b)(1). The ALJ's factual findings are binding so long as such findings are supported by "substantial evidence." 42 U.S.C. § 405(g); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). Substantial evidence must be "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quotation omitted). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quotation omitted).

To determine whether a claimant qualifies for child's benefits, the Commissioner undertakes a three-step sequential evaluation process. 20 C.F.R. § 416.924(a)-(d). A child will be found disabled if (1) he is not working or engaged in substantial gainful activity; (2) he has a medically determinable impairment or combination of impairments that is severe; and (3) his

impairment or combination of impairments meets, medically equals, or functionally equals an impairment listed in the "Listing of Impairments" set forth in appendix 1 of subpart P of 20 C.F.R. Part 404. *Id.* § 416.924(b)-(d). When a claimant's impairment does not meet or medially equal a listed impairment, the impairment will be found to functionally equal a listed impairment if the claimant has "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *Id.* § 416.926a(d). A limitation is "marked" if the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). A limitation is "extreme" if the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i). There are six domains of functioning considered: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi).

The ALJ determined J.M. had not engaged in substantial gainful activity since the application date and suffered from the severe impairments of ADHD and asthma. However, the ALJ found these impairments, individually and in combination, did not meet or medically equal a listed impairment. As to functional equivalence, the ALJ found J.M. had marked limitation in the domain of attending and completing tasks, less than marked limitation in the domains of acquiring and using information and interacting and relating with others, and no limitations in the remaining domains of functioning. Having found a marked limitation in only one domain of functioning, the ALJ concluded J.M.'s impairments did not functionally equal a listed impairment and J.M. was not disabled.

In evaluating J.M.'s degree of limitation as a result of his impairments, the ALJ gave "limited weight" to a May 2010 Medical and Functional Capacity Assessment form completed by Adam Biuckians, M.D., Hockbrueckner's treating psychiatrist.  In the assessment, Dr. Biuckians found J.M. had an extreme impairment in attending and completing tasks.  As the Magistrate Judge noted, this opinion, if credited, would have resulted in a finding of disability. *See* 20 C.F.R. § 416.926a(d) (providing an impairment "is of listing-level severity" if the claimant has "an 'extreme' limitation in one domain").

In her Request for Review, Hockbrueckner argued the ALJ rejected Dr. Biuckians's opinion for improper reasons.  The Magistrate Judge agreed the ALJ's reasons for declining to credit Dr. Biuckians's statement that J.M. suffered from an extreme impairment were impermissible.  To the extent the ALJ rejected Dr. Biuckians's opinion based on his belief that if J.M. had an extreme limitation in attending and completing tasks, then he could reasonably be expected to have more than moderate limitations in other domains, the Magistrate Judge found the ALJ had improperly rejected a medical opinion on the basis of his own lay judgment and speculative inferences.  Report 5 n.1 (citing *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000)).  The Magistrate Judge also concluded the ALJ's rejection of Dr. Biuckians's opinion was improper to the extent it was based on the ALJ's belief the opinion was "clearly provided for litigation purposes."  *Id.* (quoting R.22).  Noting many of the assessments used to determine whether a claimant is disabled are prepared for the purpose of the disability evaluation, the Magistrate Judge reasoned the Social Security Administration could not have contemplated "an evaluation system where everything except treatment notes and lab results are automatically discarded for bias."  *Id.*  Notwithstanding the ALJ's error, the Magistrate Judge concluded remand was not warranted because substantial evidence supported the ALJ's overall conclusion

that J.M. did not have an extreme limitation. Hockbrueckner objects to this conclusion, arguing the Magistrate Judge improperly substituted his own independent analysis to correct errors in ALJ's decision.

"Although it is clearly within the ALJ's statutory authority to choose whom to credit when witnesses give conflicting testimony, the ALJ 'cannot reject evidence for no reason or the wrong reason.'" *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993) (quoting *Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir. 1981)). Moreover, "[w]here the [ALJ] is faced with conflicting evidence, he must adequately explain in the record his reasons for rejecting or discrediting competent evidence." *Ray v. Astrue*, 649 F. Supp. 2d 391, 401 (E.D. Pa. 2009) (quoting *Benton for Benton v. Bowen*, 820 F.2d 85, 88 (3d Cir. 1987)). An ALJ is, however, entitled to disregard irrelevant evidence, including evidence overwhelmingly contradicted by other evidence in the record. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008). Thus, where an ALJ overlooks a treating physician's opinion, or rejects the opinion for an improper reason, the error may be harmless when "[o]verwhelming evidence in the record discount[s] [the opinion's] probative value, rendering it irrelevant," *id.*, or when the opinion "is so patently deficient that the Commissioner could not possibly credit it," *Wilson v. Comm'r of Soc. Sec,* 378 F.3d 541, 547 (6th Cir. 2004). *See also Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (holding doctrine of harmless error applies "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record").

Because the ALJ indisputably rejected Dr. Biuckians's opinion for improper reasons, this Court may uphold the ALJ's decision only if the evidence in the record is so overwhelming as to

render the opinion irrelevant.  Upon review of the record, this Court concludes the evidence does not quite rise to the necessary level.

As set forth in the Report, there is evidence in the record to support the ALJ's conclusion J.M. does not suffer from an extreme limitation.  For example, Dr. Biuckians's treatment notes for the period from July 2009 to March 2010 reflect Global Assessment of Functioning (GAF) scores ranging from 52 to 60, all within the range representing moderate symptoms.  Moreover, in response to questionnaires sent by the state agency, J.M.'s teacher reported having observed no problems in any of the six domains of functioning and having noticed only one A.D.D.-related behavior—poor concentration on difficult tasks—to a large degree.[1]  In addition, a May 2009 Childhood Disability Evaluation Form completed by state agency medical and psychological consultants concluded J.M. had less than marked limitations in the domains of attending and completing tasks, caring for yourself, and health and physical well-being, and no limitation in the remaining domains.

However, the evidence is not so overwhelming as to foreclose the possibility of a different result.  While Dr. Biuckians's early treatment notes reflect GAF scores of 58 and 60, Dr. Biuckians's later treatment notes reflect "regression" and a significantly lower GAF score of 52 in the first half of 2010.  At the time J.M.'s teacher completed the agency questionnaires, J.M. was apparently receiving in-class assistance from an aide who worked with him and "another couple of kids," which could have impacted the teacher's assessment of his behavior.  R.48.  In addition, the Childhood Disability Evaluation Form which the ALJ accorded "significant weight" was completed without the benefit of J.M.'s treatment records and conflicts with a May 2009 consultative examination report finding J.M. had "severe difficulties concentrating, attending to

---

[1] The teacher reported having observed 10 of the listed behaviors to a considerable degree and the remaining 39 listed behaviors to only a slight degree or not at all.

6

task and cooperating." R.205.  Because the record evidence permits, but does not compel, a finding that J.M. is not disabled, the Court will remand the case for reconsideration of Dr. Biuckians's opinion.

Hockbrueckner also asserts there is a conflict in the ALJ's evaluation of J.M.'s asthma warranting reversal and remand.  She contends the ALJ's finding that J.M.'s asthma is a severe impairment conflicts with his finding that J.M. has no limitations in the domains of moving and manipulation or physical health and well-being.  In addressing this claim, the Magistrate Judge observed the claim would support remand only if the evidence showed J.M. had a limitation in either domain that was at least marked. 20 C.F.R. § 416.926a(a) (functional equivalence requires "marked" limitations in two domains of functioning or an "extreme" limitation in one domain). The Magistrate Judge concluded the evidence did not support any limitation in the domain of moving and manipulation, which Hockbrueckner does not appear to contest.  The Magistrate Judge agreed the record reflected some degree of limitation in the domain of physical health and well-being, given that J.M. sought attention from the school nurse on a number of occasions during the school year.  However, he concluded the evidence would not support a finding of a marked impairment where J.M.'s treatment was neither frequent nor extensive.

Although Hockbrueckner objects to this finding on the basis that the degree of limitation should be resolved by the ALJ in the first instance, she fails to explain how the evidence could support a finding of a marked impairment.  Because this Court agrees the evidence would not support a finding of a marked impairment, remand on this issue would serve no purpose. *See Foley v. Barnhart*, 432 F. Supp. 2d 465, 479 (M.D. Pa. 2005) (agreeing a court "should affirm an ALJ's decision, even when there is error, if there is 'no question that he would have reached the

7

same result notwithstanding his initial error'" (quoting *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994)).

Because the ALJ rejected J.M.'s treating psychiatrist's opinion for improper reasons, and because the record evidence was not so overwhelming as to render this error harmless, the Court concludes the Commissioner's decision was not supported by substantial evidence. Accordingly, pursuant to 42 U.S.C. § 405(g), this case will be remanded to the Commissioner for reconsideration of the treating psychiatrist's opinion.

An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez